[Cite as *Smith v. Mills*, 2016-Ohio-664.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Glenda F. Smith, | : | |
| Plaintiff-Appellant, | : | No. 15AP-571 |
| | | (M.C. No. 2014 CVF 25520) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Mark Mills, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 23, 2016

**On brief:** *Ray J. King*, for appellant.

**On brief:** *Leo P. Ross*, for appellee.

APPEAL from the Franklin County Municipal Court

SADLER, J.

{¶ 1} Plaintiff-appellant, Glenda F. Smith, appeals the May 12, 2015 judgment of the Franklin County Municipal Court dismissing her contract claim against defendant-appellee, Mark Mills, with prejudice. For the reasons that follow, we reverse the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 4, 2014, appellant filed a complaint in the Franklin County Municipal Court alleging that during spring and summer 2011 appellee, without appellant's knowledge and authorization, removed landscaping, yard lights, a pool liner, and pool pump at appellant's rental property, and that appellee did not perform other work under an oral agreement for which he was paid. As a result, appellant demanded damages in the amount of $8,000. The filing cover sheet in the record marks the case as a

"refiling of a previously dismissed case," and indicates the previous case was "2011 CVI 0344151" assigned to Judge VanDerKarr. (New Civil Case Filing, 1.)

{¶ 3}  Appellee filed an answer and counterclaim on October 1, 2014 alleging appellant had not paid him for work he performed. As such, appellant demanded $2,850 plus interest and attorney fees.

{¶ 4}  After a trial to the court, the judge granted judgment to appellee and dismissed the case with prejudice. In doing so, the trial court found an oral contract existed between the parties but determined that, because there was no evidence of fraudulent misrepresentation on the part of appellee, appellant failed to prove she is entitled to rescind the contract. The trial court also held that appellant's "failure to inspect the work before she paid for it bars her rescission of the contract," and appellant's "failure to timely seek corrective action from [appellee] prevents her from recovering the cost of the work," noting she did not exercise her right to rescind within a reasonable time as "[f]our years have passed." (May 12, 2015 Judgment Entry, 5.) Appellant filed a timely appeal.[1]

## II.  ASSIGNMENTS OF ERROR

{¶ 5}  Appellant assigns two assignments of error for our review:

> [I.] The trial court erred in stating that Plaintiff-Appellant failed to exercise her right to rescind within a reasonable time since four years have passed. The Judgment Entry is incorrect which improperly contributed to the decision dismissing Plaintiff-Appellant's claims against the Defendant-Appellee.

> [II.] The trial court's Judgment Entry is against the manifest weight of the evidence.

## III.  DISCUSSION

### A.  First Assignment of Error

{¶ 6}  In her first assignment of error, appellant contends the trial court erred in determining appellant failed to timely exercise her right to rescind the contract within a reasonable time in the erroneous belief that appellant had waited four years to file her

---

[1] Appellee does not appeal dismissal of his counterclaim.

complaint. We agree that the court erred on the issue of timeliness, and find that the error warrants reversal and remand to the trial court in this case.

{¶ 7} "Whether a party to a contract, after discovering the facts entitling him to rescind, acted within a reasonable time, is a question for the trier of facts." *Cross v. Ledford*, 161 Ohio St. 469, 474 (1954). However, here, it appears the trial court based its decision regarding the reasonableness of appellant's 2015 action on the belief that four years passed between the cause of action and appellant's attempt to seek corrective action. The record before the trial court and on appeal indicates that appellant filed her present case three years after the cause of action arose and that the case is a refiling of a 2011 case before the court. Therefore, the fact of four years passing between the contract dispute and the date of the trial court's decision does not indicate appellant failed to timely pursue corrective action.

{¶ 8} Furthermore, the complaint at hand calls for damages. In general, "an action upon a contract not in writing, express or implied * * * shall be brought within six years after the cause thereof accrued." R.C. 2305.07. As a result, timeliness should not prevent appellant's claim, and the trial court erred determining otherwise.

{¶ 9} Finally, the trial court's discussion regarding timeliness comprises a considerable and prominent portion of its legal analysis, and is intertwined with the trial court's reasoning regarding rescission. As such, we cannot say that this is a case where "avoidance of the error would not change the outcome of the proceedings," but, rather, find the error in this case warrants reversal. *Morgan v. Mikhail*, 10th Dist. No. 08AP-87, 2008-Ohio-4598, ¶ 53; App.R. 12.

{¶ 10} Accordingly, appellant's first assignment of error is sustained.

### B.  Second Assignment of Error

{¶ 11} Appellant's second assignment of error asserts the trial court's judgment is against the manifest weight of evidence.  The disposition of appellant's first assignment of error renders appellant's second assignment of error moot.  App.R. 12(A)(1)(c).

## IV.  CONCLUSION

{¶ 12} Having sustained appellant's first assignment of error, and appellant's second assignment of error being rendered moot, we hereby reverse the judgment of the

Franklin County Municipal Court and remand this matter to that court for further proceedings in accordance with law, consistent with this decision.

*Judgment reversed and*
*cause remanded.*

BROWN and HORTON, JJ., concur.

_____